IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOHN SHOCKLEY, et al.,<br><br>　　　　　Defendants.<br>_____ | Case No.: 1:11-cv-001750 LJO JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND THE MATTER TO THE KERN COUNTY SUPERIOR COURT<br><br>(Doc. 4) |

　　　Before the Court is a motion to remand the action filed by plaintiff Federal National Mortgage Association ("Plaintiff"). (Doc. 4). Plaintiff asserts the Court lacks jurisdiction over the action, which was removed by John Shockley and Heather Shockley ("Defendants"). (Doc. 1). For the following reasons, the motion to remand is **GRANTED**.

**I.　Factual and Procedural History**

　　　Plaintiff commenced this action by filing a complaint for unlawful detainer in Kern County Superior Court against John Shockley and Heather Shockley on May 20, 2011, in Case No. S-1500-CL-259514. (Doc. 1 at 5). The underlying state court complaint alleges that on March 25, 2011, Plaintiff purchased the real property located at 601 Stirrup Avenue, Bakersfield, CA at a foreclosure sale. *Id.* at 8-10. Defendants were served with a Notice to Quit the premises on May 13, 2011. *Id.* at 10. However, Defendants failed to leave the property. *Id* at 11. In the prayer for judgment, Plaintiff sought possession of the property and rental value in the amount of $40.00 per day,

beginning on May 17, 2022. *Id.* Notably, in the caption of the complaint, Plaintiff asserted the damages sought totaled less than $10,000. *Id.* at 8.

According to Plaintiff, Defendants filed an answer to the complaint on July 5, 2011, after which a trial date was set for September 7, 2011. (Doc. 4 at 3). On June 6, 2011, Defendants filed a Chapter 13 bankruptcy action, and the trial date was continued to October 24, 2011. *Id.* Defendants' bankruptcy action was dismissed on September 26, 2011. *Id.*; *see also* Sonawalla Decl., Exh. B. However the trial was not held because on October 21, 2011, Defendants filed a Notice of Removal, thereby commencing the action in this Court. (Doc. 1).

## II.   Removal to the District Court

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading. *Id.* at § 1446(b). Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). The Court may remand an action to state court for lack of subject matter jurisdiction or for defect in the removal procedure. 28 U.S.C. § 1447(c).

///

///

**III.   Discussion and Analysis**

As the parties seeking removal, Defendants "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir. 1996), *citing Gaus*, 980 F.2d at 677-67.   Defendants argue the Court has jurisdiction because "[t]he complaint presents federal questions," and "[f]ederal question jurisdiction exists because Defendants' demurrer, a pleading depend[s] upon the determination of Defendants' rights and Plaintiff's duties under federal law."  (Doc. 1 at 2-3).

A.   Federal Question Jurisdiction

Issues raised Defendants' demurrer are insufficient to confer federal jurisdiction.  The determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 392).  Therefore, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

Here, the complaint filed in state court was an action for unlawful detainer, which arises under state law. *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court"); *Deutsche Bank Nat'l Trust Co v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law"). A plaintiff bringing an unlawful detainer claim is entitled to judgment upon establishing that the property at issue was sold in compliance with California Civil Code §2924 and that the requisite three-day notice to quit to defendant was served as required in California Code of Civil Procedure §1161.  *See Litton Loan Servicing, L.P. v. Villegas*, 2011 U.S. Dist. LEXIS 8018 at *5 (N.D. Cal. Jan. 21, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 168 (1977).

Defendants claim that Plaintiff failed to comply with the Protecting Tenants at Foreclosure Act. (Doc. 1 at 2) Though this may be raised as a defense in the unlawful detainer action, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983)). Consequently, Defendants' argument that federal jurisdiction is present based upon Plaintiff's failure to comply with the Protecting Tenants at Foreclosure Act fails to establish jurisdiction. Therefore, the Court lacks federal question jurisdiction.

### B.   Diversity Jurisdiction

For the Court to have diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a). In an unlawful detainer action, "the right to possession alone [is] involved– not title to the property." *Litton*, 2011 U.S. Dist. LEXIS 8018 at *6-7. In the complaint, Plaintiff seeks less than $10,000. (Doc. 1, Exh. B). Therefore, the amount in controversy is insufficient to establish diversity jurisdiction.

## VI.   Request for Rule 11 Sanctions

A court "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Fee shifting is not automatic, and "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005). The relevant inquiry is whether the party had "an objectively reasonable basis" for removal. *Id.*; *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007). The Ninth Circuit cautioned: "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Plaintiff notes, "Defendants filed a frivolous notice of removal on the eve of a trial." (Doc. 4 at 7). According to Plaintiffs, "Defendants' attempt to remove this unlawful detainer action to federal court is nothing more than another bad faith maneuver and abuse of Court process to

continue to have a free ride in their possession of the Property and stall a lawful eviction action." *Id.* On this basis, Plaintiffs seek imposition of Rule 11 sanctions. Fed. R. Civ. P. 11.

Under Rule 11, the Court may award sanctions if a party submits a pleading for an improper purpose such as harassment, causing unnecessary delay or to increase costs needlessly. Fed. R. Civ. P. 11(b). If, after notice and an opportunity to be heard, the Court determines that the pleading violates Rule 11, the Court may impose "an appropriate sanction." Fed. R. Civ. P. 11(c). Importantly, any motion for sanction under Rule 11,

> . . . **must be made separately from any other motion** and must describe the specific conduct that allegedly violates Rule 11(b). **The motion must be served under Rule 5, but it must not be filed** or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Thus, subdivision (c) of Rule 11 is frequently referred to as the "safe harbor" provision. It allows the errant party to correct his conduct *before* the motion for sanctions is filed.

Here, the request for Rule 11 sanctions was not made by separate motion and there is no showing that Defendants had the benefit of the safe harbor provision. Though the Court could issue an order to Defendants to show cause why sanctions should not be imposed–and the Court agrees that such an order would be well-founded–doing so would only impose hardship on the Plaintiff because of the delay that would result in remanding the matter to the Kern County Superior Court. Because this would, seemingly, benefit Defendants by further delaying the trial on the unlawful detainer, the Court declines to take this action. Accordingly, Plaintiff's request for Rule 11 sanctions is **DENIED**.

**V. Conclusion and Order**

Defendant's removal of the action was improper, because the Court jurisdiction. As discussed above, the unlawful detainer complaint establishes the Court does not have subject matter jurisdiction, and the amount in controversy is insufficient to confer diversity jurisdiction.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion for remand is **GRANTED**;
2. Plaintiff's request for Rule 11 sanctions is **DENIED**;
3. The matter is **REMANDED** to the Kern County Superior Court; and

1  4. Because the order remanding this matter to state court concludes this case, the Clerk of the Court IS DIRECTED to close this matter.

IT IS SO ORDERED.

Dated:   **December 12, 2011**                                     /s/ Jennifer L. Thurston
                                                                  UNITED STATES MAGISTRATE JUDGE